UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**NOV 18 2005**

*******************************************************

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | * | CR 03-40036 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| STEVEN CROSS, | * | |
| Defendant. | * | |

*******************************************************

Defendant Steven Cross filed a Motion and Brief to Vacate Void Judgment, Doc. 38. He purports to file this motion pursuant to the "Federal Rules of *Criminal* Procedure 60(b)(4)." (Doc. 38, emphasis added). This is in error as Fed.R.Crim.P. 60 does not have subsections and states that "[t]hese rules may be known and cited as the Federal Rules of Criminal Procedure." The Defendant may have intended to refer to the Federal Rules of *Civil* Procedure. Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void ...." Fed.R.Civ.P. 60(b)(4).

It appears from the record in this case that the reason for the Defendant's characterization of this motion as one under Rule 60(b)(4), rather than a motion to vacate pursuant to 28 U.S.C. § 2255, is that a § 2255 motion would be barred by the one-year statute of limitations for such motions. *See* 28 U.S.C. § 2255 ¶ 6. Defendant's sentence was imposed on February 18, 2004. He did not file a direct appeal. Thus, his conviction became final and the one-year period of limitations for filing a § 2255 motion passed well before the present motion was filed on September 19, 2005.

Defendant contends that the Court lacked subject matter jurisdiction in this action because there was no valid law cited in the Indictment. This argument was available to Defendant before he

entered a plea of guilty to the Indictment charging him with escape in violation of 18 U.S.C. §§ 751(a) and 4082(a).

Having carefully reviewed Defendant's motion, the Court concludes it lacks jurisdiction to consider the merits thereof. The Federal Rules of *Civil* Procedure do not provide this Court with jurisdiction to review Defendant's criminal conviction. And the rule cited by Defendant, "Federal Rules of Criminal Procedure Rule 60(b)(4)," does not provide jurisdiction to review Defendant's conviction. Defendant failed to file a direct appeal in which he possibly could have raised the issue he now raises. Moreover, he is time-barred from filing a motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. That Defendant's Motion and Brief to Vacate Void Judgment, Doc. 38, is denied.

2. That Defendant's Motion for Immediate Evidentiary Hearing, Doc. 41, is denied.

Dated this 17th day of November, 2005.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)   DEPUTY